**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**CORDRELL ASKEW**　　　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #119637**

v.　　　　　　　　　　　　No: 2:18-cv-00014 JLH-PSH

**KIMBLE,** *et al.*　　　　　　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

**PROPOSED FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following proposed Findings and Recommendation have been sent to United States District J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Plaintiff Cordrell Askew filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 17, 2018, while incarcerated at the Arkansas Department of Correction's Pine Bluff Unit (Doc. No. 1). Askew subsequently filed an amended complaint on January 26, 2018 (Doc. No. 6). On January 29, 2018, Askew was ordered to pay the filing fee or file a complete application to proceed *in forma pauperis*. Doc. No. 3. Askew was also ordered to file an amended complaint explaining why he sues defendants in their official capacities only; describing his allegations against defendants Tinzie Gloria Sanders and Georgetten Broadway; describing the injuries he claims to

have sustained; and stating what relief he seeks.  *Id*.  Askew was granted leave to proceed *in forma pauperis* on February 26, 2018.  Doc. No. 15.

Askew has submitted several documents for filing since the Court's order directing an amended complaint to be entered, none of which provide the information requested in the Court's order and none of which could be identified as an amended complaint.  *See* Doc. Nos. 8, 10, 11 & 14.  The time to file an amended complaint conforming to the Court's January 29 order has passed.  Accordingly, Askew's complaint is subject to dismissal due to his failure to comply with the Court's order and Local Rule 5.5.[1]

Additionally, because Askew indicated he sues defendants in their official capacities only, his claims should be dismissed for failure to state a claim upon which relief may be granted.  A suit against a defendant in his or her official capacity is in essence a suit against the State of Arkansas, and any official capacity claim for monetary damages against that defendant is barred by the doctrine of sovereign immunity.  *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989)*; Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989).

For the reasons stated herein, it is recommended that:

1.	Askew's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[1] Local Rule 5.5(c)(2) provides that:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

  2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

  IT IS SO RECOMMENDED this 6th day of March, 2018.

             _____
             UNITED STATES MAGISTRATE JUDGE